IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AARON STEWART**  **PLAINTIFF**

V.  CIVIL ACTION NO. __3:22-cv-449-TSL-RPM__

**THE KANSAS CITY SOUTHERN
RAILWAY COMPANY and JOHN
DOES[s], JANE DOE[s]**  **DEFENDANTS**

NOTICE OF REMOVAL

TO: Eric J. Lewellyn
Attorney for Plaintiff
119 S. Main St., Suite 500
Memphis, Tennessee 38103
P: 901.602.5700
eric.lewellyn@andersandlewellyn.com

The Kansas City Southern Railway Company ("KCSR"), by and through counsel, hereby removes this action to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. Sections 104, 1331, 1332, 1367(a), 1337, 1441 and 1446, and would show the following:

A. Introduction

1. On June 30, 2022, Aaron Stewart (the "Plaintiff") filed suit in the Circuit Court of Hinds County, Mississippi (Civil Action No. 22-420) against KCSR seeking compensation for injuries he allegedly suffered in a crossing accident with a KCSR train, which occurred on or about February 12, 2022. *See* Compl. (Ex. "A"). Plaintiff seeks compensatory damage in an amount of not less than $500,000 and punitive damages in an amount not greater than $1,000,000. *See* Compl. at 6 (Ex. "A"). As demonstrated below, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and this case is removable under 28 U.S.C. Section 1441. Further, this Court also has federal question

jurisdiction over this action because the Plaintiff raises claims of negligent design, construction, and maintenance of the crossing, which are completely preempted by the ICC Termination Act of 1995, 49 U.S.C.A. Section 10101, *et. seq.* (the "ICCTA"). *See* Compl. at ¶ 21(c) (Ex. "A").

### B. Facts

2. The basis for Plaintiff's lawsuit is an accident that occurred at a railroad crossing at the intersection of Woodrow Wilson Avenue (the "Crossing"). *See* Compl. at ¶¶ 9-18 (Ex. "A"). Plaintiff alleges that KCSR owns, designed, maintains, and operates the Crossing. *See* Compl. at ¶ -11 (Ex. "A").

3. According to Plaintiff, while he was traversing the Crossing, he was forced to stop due to traffic, while a portion of his vehicle was still on or near the northern side of the railroad tracks. *See* Compl. at ¶ 15 (Ex. "A"). The Plaintiff alleges that while he was stopped, he was struck suddenly and without warning by a KCSR train. *See* Compl. at ¶ 16 (Ex. "A").

4. Among Plaintiff's theories of recovery are his claims that KCSR "[f]ailed to use reasonable care with regard to the design, construction, and maintenance of the crossing." *See* Compl. at ¶ 21(c).

5. Plaintiff seeks compensatory damages of not less than $500,000 for alleged personal injury, disability, pain and suffering, emotional distress and other alleged injuries and damages. *See* Compl. at 6 (Ex. "A"). Plaintiff also seeks punitive damages in an amount not greater than $1,000,000, in addition to court costs and interest. *See* Compl. at 6 (Ex. "A").

### C. Diversity of Citizenship Jurisdiction

6. This Court has diversity of citizenship jurisdiction under 28 U.S.C. Section 1332. The Plaintiff is completely diverse from KCSR, and the amount in controversy exceeds $75,000.00.

7. As stated, the Plaintiff and KCSR are completely diverse. According to the Complaint, the Plaintiff is domiciled in Hinds County, Mississippi. *See* Compl. ¶ 1 (Ex. "A"). KCSR is incorporated

in Missouri and its principal place of business is Kansas City, Missouri. *See* Miss. Sec. of State Bus. Info. for KCSR (Ex. "B"); Compl. at ¶ 2 (Ex. "A"). Therefore, KCSR is a corporate citizen of Missouri for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a corporate citizen of its state of incorporation and the state where it has its principal place of business).

8.  The amount in controversy exceeds $75,000.00. Plaintiff specifically pled entitlement to at least $500,000 compensatory damage and up to $1,000,000 punitive damages. *See Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (amount in controversy is met if the court can determine the amount in controversy will likely exceed jurisdictional minimum by looking at the face of the complaint). When a Plaintiff pleads an amount in excess of the jurisdictional minimum of the federal courts but yet files suit in state court, there is a strong presumption in cases removed to federal court that the Plaintiff did not plead such damages in order to manipulate jurisdiction given he/she filed the suit in state court and presumably wished to stay there. *See St. Paul Mercury Indemn. Co v. Red Cab Co.*, 303 U.S. 283, 290-91 (1938). Because Plaintiff pled an amount well above the jurisdictional minimum of this Court, the amount in controversy is met.

9.  For the reasons above, this Court has diversity jurisdiction under 28 U.S.C. Section 1332, and under 28 U.S.C. Section 1441, removal is proper

### D.    Federal Question Jurisdiction

10.  This Court also has federal question jurisdiction over this action because the Plaintiff raises claims of negligent design, construction, and maintenance of a railroad crossing, which claims are completely preempted by the ICCTA. *See* Compl. at ¶ 21(c) (Ex. "A").  As this Court has held, such claims "constitute an attempt to interfere with [the railroad's] decisions on how to run 'crossing-related aspects of its rail operations' and are completed preempted by the ICCTA." *Waneck v. CSX Corp.*, No. 1:17-cv-106-HSO-JCG, 2018 WL 1546373, at **4-6 (S.D. Miss. Mar. 29, 2018), citing *Tex.*

*Cent. Bus. Lines Corp. v. City of Midlothian*, 669 F.3d 525 (5th Cir. 2012); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796 (5th Cir. 2011); and *Friberg v. Kan. City S. Ry. Co.*, 267 F.3d 439 (5th Cir. 2001).

11. Complete preemption under the ICCTA supplies federal question jurisdiction to this Court over all Plaintiff's causes of action pursuant to 28 U.S.C. Section 1331 ("authorizing original jurisdiction of all civil actions arising under federal laws"); 28 U.S.C. Section 1337 ("authorizing original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . "); and 28 U.S.C. Section 1367 (providing supplemental jurisdiction over state law claims arising out of the same accident as the preempted claim). *Elam*, 635 F.3d at 808-810.

### E.    Compliance with Procedural Requirement

12. As shown above, the instant case is one over which this Court has original jurisdiction. Under 28 U.S.C. Section 104(b)(1) and the Uniform District Court Rules for the Northern and Southern Districts of Mississippi, the Northern Division of the United States District Court for the Southern District of Mississippi is the division and district embracing Hinds County, the place where the state court action was filed and is currently pending.

13. Plaintiff served his Complaint and Summons on KCSR on July 18, 2022, *see* Service of Process Transmittal (Ex. "C"); therefore, pursuant to 28 U.S.C. Sections 1441 and 1446(b), this Notice of Removal is timely filed within thirty days of receipt by KCSR of service of process.

14. Pursuant to 28 U.S.C. Section 1446(a) and Rule 5(b) of the Local Uniform Civil Rules of the United States District Courts for the Northern District and Southern District of Mississippi, KCSR will electronically file a certified copy of the entire Hinds County Circuit Court file with this Court within fourteen days.

15. KCSR will give written notice of the filing of this Notice of Removal to Plaintiff and a copy of this Notice will be duly filed with the Clerk of the Circuit Court of Hinds County, Mississippi, as required by 28 U.S.C. Section 1446(d).

Kansas City Southern Railway Company requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Hinds County, Mississippi be stayed.

THIS, the 5th day of August 2022.

Respectfully submitted,

**THE KANSAS CITY SOUTHERN RAILWAY COMPANY**

BY:   /s/ D. Jason Childress
CHARLES E. ROSS (MSB #5683)
D. JASON CHILDRESS (MSB #103678)

**OF COUNSEL:**

Charles E. Ross (MSB #5683)
D. Jason Childress (MSB #103678)
**WISE CARTER CHILD & CARAWAY, P.A.**
The Heritage Building
401 East Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, Mississippi 39205-0651
Tel:     601-968-5500
Fax:    601-968-5593

**CERTIFICATE OF SERVICE**

I, D. Jason Childress, one of the attorneys for Defendant, The Kansas City Southern Railway Company, do hereby certify that I have filed and caused to be delivered via the Court's Electronic Filing System, a true and correct copy of the above document to:

Eric J. Lewellyn
Attorney for Plaintiff
119 S. Main St., Suite 500
Memphis, Tennessee 38103
P: 901.602.5700
eric.lewellyn@andersandlewellyn.com

This, the 5th day of August 2022.

/s/ D. Jason Childress
D. Jason Childress