# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FOR THE SEVENTH JUDICIAL DISTRICT AT JACKSON

AARON STEWART,

    Plaintiff,

vs.

    Docket No.  22-420

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY and
JOHN DOE[s],
JANE DOE[s]

    JURY DEMANDED

    Defendants.

## COMPLAINT

Plaintiff, Aaron Stewart, by and through counsel, hereby file this Complaint against Defendants for personal injuries and damages and would respectfully state as follows:

### PARTIES

1. Plaintiff, Aaron Stewart, is an adult resident of Hinds County, Mississippi.

2. Defendant, The Kansas City Southern Railway Company ("KCSRC"), is a Missouri corporation conducting business in Mississippi that may be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101.

3. Defendants, John and Jane Doe[s] are employees of KCSRC and were either engineers, conductors, and/or trainmen/brakemen operating or assisting with the operation of the train at issue, which negligently injured Plaintiff.

1



EXHIBIT "A"

4. This cause of action arises in tort out of personal injuries and damages incurred as a result of a collision at a railroad crossing which occurred in Hinds County, Mississippi on or about February 12, 2022.

## JURSIDICTION AND VENUE

5. This Court has personal jurisdiction over the parties because the acts and omissions giving rise to this action were committed in whole or in part in the State of Mississippi against a resident of the State of Mississippi. Further, the Defendants were doing business in the State of Mississippi such that they are subject to the jurisdiction of this Court.

6. This Court has subject matter jurisdiction over this matter pursuant to Miss. Code Ann. § 9-7-81.

7. Venue is proper in this Court because this cause of action arose in Hinds County, Mississippi.

8. This matter is timely filed because the cause of action arose on February 12, 2022, and this action is being brought within one year of that date.

## FACTS

9. On the evening of February 12, 2022, Plaintiff was operating his vehicle traveling northeast on Parkside Place approaching the intersection of Woodrow Wilson Avenue.

10. As he approached Woodrow Wilson Avenue, he encountered a railroad crossing situated near the intersection, which is identified as DOT Crossing Inventory # 302312T (hereinafter referred to as "the crossing").

11. The crossing is owned, maintained, and operated by KCSRC and was designed by KCSRC.

12. The crossing is primarily used for trains operated by KCSRC.

13. When Plaintiff initially encountered the crossing, the crossing gates were up, the crossing lights were not on, and there was no other sign or warning of an approaching train.

14. Accordingly, Plaintiff made his way over the crossing until he was forced to stop by traffic ahead of him that was waiting to turn off of Parkside Place and onto Woodrow Wilson Avenue.

15. At the time, the layout of the crossing and the positioning of traffic forced Plaintiff to come to a stop with the rear of his vehicle either on or near the northern side of the railroad tracks.

16. As Plaintiff waited for the traffic to clear so he could proceed forward, he was struck suddenly and without warning by a train operated by KCSRC.

17. At said time and at said location, Plaintiff was operating his vehicle in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

18. Plaintiff did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the hereinafter described negligent acts of Defendants, he sustained personal injuries and damages to be more particularly described hereinafter.

## CAUSES OF ACTION

### NEGLIGENCE AND RECKLESSNESS

19. Plaintiff hereby incorporates the above allegations as if they were re-alleged verbatim herein.

20. At all times described herein, including February 12, 2022, Defendants Jane Doe[s] and John Doe[s] operating the above-referenced train as the agents, servants, and/or

employees KCSRC. Thus, Plaintiff relies upon the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendants Jane Doe[s] and John Doe[s] should be imputed to Defendant KCSRC.

21. Defendant KCSRC and its employees and agents were guilty of negligence in that they:

(a) Caused the crossing to exist in an unreasonably dangerous condition that posed a risk of death or serious bodily harm to motorists on February 12, 2022;

(b) Failed to take reasonable steps to remedy the unreasonably dangerous condition of the crossing despite the fact that KCSRC knew or should have known that it posed an unreasonable risk of death or serious bodily injury to motorists;

(c) Failed to use reasonable care with regard to the design, construction, and maintenance of the crossing;

(d) Failed to insure that the crossing gates and lights were operating correctly on February 12, 2022;

(e) Carelessly and negligently operating the train that struck Plaintiff;

(f) Failing to sound a horn or warning device on said train to notify motorists that a train was approaching the crossing;

(g) Failing to properly hire, train, and supervise John Doe[s] and Jane Doe[s];

(h) Negligently retaining John Doe[s] and Jane Doe[s] when KCSRC knew or should have known of their proclivity to operate trains in a negligent, reckless, and unlawful manner;

(i) Other acts of negligence to be proven at trial.

4

22.  In committing the above-described acts of negligence, KCSRC grossly deviated from the standard of reasonable care and consciously disregarded known risks of serious harm to motorists. Accordingly, KCSRC's conduct was reckless.

23.  Plaintiff seeks punitive damages for the reckless conduct of KCSRC.

### INJURIES AND DAMAGES

24.  As a direct and proximate result of the above-described acts of negligence and recklessness, Plaintiff has suffered the following injuries and damages, for which he is entitled to compensation:

a.  Serious and painful physical injuries;

b.  Past, present, and future physical and emotional pain and suffering;

c.  Past, present, and future mental anguish and emotional distress;

d.  Past, present, and future lost wages;

e.  Past, present, and future medical expenses;

f.  Temporary and permanent injury and disability;

g.  Certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount which is yet to be determined;

h.  Loss of quality and enjoyment of the normal pleasures of life, past, present, and future;

i.  Loss of future earning capacity;

j.  Inconvenience; and

k.  Other damages to be proven at trial.

## PRAYER FOR RELIEF

PRAYER FOR RELIEF, WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the following relief:

(1) That a jury be empaneled to hear this cause of action;

(2) That judgment be awarded to the Plaintiff;

(3) Compensatory damages in a just, fair and equitable amount to be determined by the jury after hearing the facts and issues of this case in the amount of not less than Five Hundred Thousand Dollars ($500,000.00);

(4) Punitive damages in an amount determined by the jury after hearing the facts and issues of this case, in an amount not greater than One Million Dollars ($1,000,000.00); and,

(5) All discretionary costs and expenses of this action;

(6) Pre- and post-judgment interest; and

(7) Such other and further relief to which the Plaintiffs may be entitled under law and equity.

Respectfully submitted,

ALDERS AND LEWELLYN, PLLC

Eric J. Lewellyn, #102549
*Attorney for Plaintiffs*
119 S. Main St., Suite 500
Memphis, Tennessee 38103
Telephone: (901) 602-5700
Eric.Lewellyn@aldersandlewellyn.com